UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| National Association of Home Builders of the United States *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>Montgomery County, Maryland,<br><br>*Defendant.* | Case No. 8:24-cv-03024-PX |

**PUBLIC HEALTH LAW CENTER, INC.'S CONSENT MOTION TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local R. 105.12(b), the Public Health Law Center, Inc. (Center) moves this Court for leave to file the attached brief *amicus curiae* in support of Defendant Montgomery County's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, ECF No. 18. All parties consent to the filing of the Center's brief. The brief is attached as Exhibit A to this motion.

1. The Center has a strong interest in this case. The Center is an organization of law and policy experts who work with advocates and professionals around the country to protect health through policy change. The Center helps local, state, national, and Tribal partners develop, implement, and defend evidence-based laws and policies that reduce health disparities and improve public health. This goal of promoting health equity includes reducing fossil-fuel pollution, a key public-health threat. The Center has supported advocates and state and local governments in dozens of jurisdictions, including Maryland, in developing and passing regulations that reduce the use of fossil fuels in buildings. The expansion of federal preemption under the Energy Policy and Conservation Act (EPCA), 42 U.S.C. §§ 6201 *et seq.*, would threaten the Center's work and that of

its partners. Thus, the Center has a deep and abiding interest in the success of Montgomery County's legislation and the Court's interpretation of the statutory language at issue in this case.

2. The attached brief is desirable and relevant to the outcome of this case. The Center's expertise includes the applicability of EPCA preemption to a variety of state and local regulations, including building codes. The brief offers the Center's research into the legislative history of EPCA as it has been amended over decades, which is valuable in understanding Congress's intent in enacting EPCA's preemption provisions. The brief also provides an explanation and analysis of EPCA's exemption for building codes as applied to the prohibition of certain EPCA-covered appliances, which to the Center's knowledge is not otherwise available. Thus, the attached brief will aid the Court in understanding matters at issue in this case.

3. The Center's brief supports Defendant Montgomery County's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, ECF No. 18. Defendant's motion was filed Wednesday, January 8, 2025; this motion is submitted within seven days of the brief it supports and is timely.

4. No party's counsel authored this brief in whole or in part.

5. No party or party's counsel contributed money to fund the preparation or submission of this brief.

Accordingly, the Center respectfully requests the Court to grant its motion to file the attached brief *amicus curiae*, Exhibit A.

Dated: January 15, 2025

Respectfully submitted,

/s/

Jon A. Mueller
Visiting Associate Professor
Director, Environmental Law Clinic
University of Maryland, Carey School of Law
500 W. Baltimore St.
Baltimore, MD 21201
JMueller@law.umaryland.edu
410-706-0590

Daniel Carpenter-Gold
Public Health Law Center
Mitchell Hamline School of Law
875 Summit Ave.
St. Paul, MN 55105
Daniel.CarpenterGold@mitchellhamline.edu
651-290-7506

*Counsel for the Public Health Law Center*

## CERTIFICATE OF SERVICE

I certify that, on January 15, 2025, I caused a true and correct copy of the Public Health Law Center, Inc.'s Consent Motion to File Brief *Amicus Curiae* in Support of Defendant Montgomery County's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, together with all attachments, to be served electronically via the Court's CM/ECF system on counsel for all parties.

/s/

Jon A. Mueller

**DISCLOSURE OF AFFILIATIONS**

Pursuant to Local Rules 105.12.h and 103.3.a, the Public Health Law Center, Inc. (Center) certifies as follows: The Center is a non-profit organization committed to advancing the public health. The Center is controlled by the Mitchell Hamline School of Law, and the Center's sole member is the Dean of the Mitchell Hamline School of Law.

/s/
Jon A. Mueller