IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MONTGOMERY COUNTY, MARYLAND, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *     Case No. 8:24-CV-03024-PX |

**NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendant Montomgery County, Maryland, respectfully submits this notice of supplemental authorities for the purpose of bringing to the Court's attention the recent decisions of the District Court in *Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. CV 24-10482 PA (PDX), 2025 WL 2427844 (C.D. Cal. July 22, 2025) and *Mulhern Gas Co. v. Mosley*, No. 1:23-CV-1267 (GTS/PJE), 2025 WL 2062194 (N.D.N.Y. July 23, 2025), both of which were decided after briefing was complete in the above captioned matter. Federal District Courts in both cases rejected the EPCA preemption analysis of *California Restaurant Association v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024).

In *Rinnai*, the Court found that the EPCA did not preempt a local jurisdiction's rule that prohibited nitrous oxide emissions for natural gas appliances despite finding that the rule effectively banned the use of covered gas fuel boilers and water heaters. 2025 WL 2427844 at *4. The Court in *Rinnai* declined to apply the *Berkeley* analysis, explaining that the rule at issue was not a building code and "[did] not create inconsistent state efficiency standards, require that consumers use appliances with higher efficiency standards, or force manufacturers to meet

standards different than those set by the" Department of Energy pursuant to the EPCA. *Id*. at *6. Thus, the rule did not concern the energy use of appliances under the EPCA and was not preempted. *Id*. at *7.

In *Mulhern*, the Court found that the EPCA did not preempt a New York law prohibiting the installation of fossil fuel equipment and building systems in new buildings. 2025 WL 2062194 at *16. The Court "recogniz[ed] the flaws in the Ninth Circuit panel's reasoning" and declined to adopt the *Berkeley* Court's preemption analysis as it related to the building code at issue. *Id*. at *14-15. Instead, the Court relied on the "more reasoned analysis outlined in the dissent opinion" in *Berkeley*. *Id*. at *14. The Court found that the building code at issue was not preempted by the EPCA because it did not concern the energy use and efficiency of a covered product and the relevant building code exception (Section 6297(f)) only applies when the underlying building code regulation is one concerning energy efficiency or energy use. *Id*.

Copies of the slip opinions are attached for convenience of the Court.

Respectfully submitted,

JOHN P. MARKOVS
COUNTY ATTORNEY

/s/
Erin J. Ashbarry
Chief, Division of Government Operations
Federal Bar No. 26298
erin.ashbarry@montgomerycountymd.gov

/s/
Kristen J. Nunley
Assistant County Attorney
Federal Bar No. 30964
kristen.nunley@montgomerycountymd.gov

                                    /s/
                            Jacquelyn P. Allen
                            Assistant County Attorney
                            Federal Bar No. 13460
                            jacquelyn.allen@montgomerycountymd.gov

                            Attorneys for Defendant
                            101 Monroe Street, Third Floor
                            Rockville, Maryland 20850
                            240-777-6700
                            240-777-6705 (Fax)